UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                              **Hon. Hugh B. Scott**

               v.

                                                                               06CR250S

                                                                               **Order**

RODNEY MT. PLEASANT,
LINDA BURNING,

               Defendants.

Before the Court is defendant Linda Burning's ("Burning") motion for discovery and for service of a bill of particulars (Docket No. 22[1], motion of Sept. 6, 2006). This matter was referred to the undersigned for pretrial disposition (Docket No. 36, Order of Aug. 9, 2006, nunc pro tunc to that date)

BACKGROUND

Defendants were indicted on August 9, 2006, for importing 50 kilograms or more of marijuana from Canada, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(3), and 18 U.S.C. § 2; conspiracy to import the same, in violation of 21 U.S.C. § 963; and importing merchandise (the marijuana) contrary to 19 U.S.C. § 1461, in violation of 18 U.S.C. §§ 545 and 2 (Docket No. 16, Indictment). These charges arise from defendants allegedly importing 130 pounds of marijuana

---

[1] Defendant attempted to file this motion, Docket No. 21, but that motion was terminated for non-compliance with this Court's ECF filing requirements.
    In support of the motion, defendant filed her attorney's affidavit, Docket No. 22. In opposition, the Government filed its response with exhibit, Docket No. 27.

from Canada into the United States over the Lewiston-Queenston Bridge on December 10, 2005 (see Docket No. 27, Gov't Response at 1; Docket No. 16, Indictment).

*Motion*

Burning moves seeking pretrial discovery, including Rule 12(c) notice from the Government (Docket No. 22, Def. Atty. Aff. ¶¶ 5-7). She also wants disclosure of whether intercepted communication were obtained with or without Court authorization and disclosure of any "fruit" of warrantless searches or seizures (id. ¶¶ 8-9, 10-14). She wants her own statements the Government intends to use at trial (id. ¶¶ 15-17). She also seeks a bill of particulars or particularization of the Indictment, to specify the nature of the conspiracy alleged and Burning's conduct as to the substantive offenses (id. ¶¶ 18-19, 20, 21). Next, she seeks disclosure of Rule 404(b) materials (id. ¶¶ 22-34), Rule 608 and 609 materials (id. ¶¶ 35-36), Brady materials (id. ¶¶ 37-55). She also wants to search the agents' personnel files (id. ¶¶ 56-59). Burning next moves for the Government to preserve evidence (id. ¶¶ 60-63). Finally, she joins in the motions of her co-defendant Mt. Pleasant (who, to date, has not moved) and sought leave to make additional motions (id. ¶¶ 64, 65).

*Government's Response*

The Government responds that it believed that it complied with its pretrial discovery obligations under Fed. R. Crim. P. 16 (Docket No. 27, Gov't Response at 3, Ex. A). The Government was not aware of any wiretap evidence or consensually monitored conversations (id. at 4). The Government invokes the border search exception to the otherwise warrantless search of Burning and the statements obtained from her without Miranda warnings (id. at 4-5, 6-7).

As for the bill of particulars, the Government contends that Burning has not met the burden of showing that she would be prejudicially surprised at trial or plead double jeopardy to warrant the bill of particulars. The Government believes that it furnished extensive discovery and the Indictment only alleged a two-member conspiracy (that is, between the co-defendants), thus a bill of particulars is not warranted. (Id. at 7-8). The Government states the amount of marijuana at issue (130 pounds) and argues that it need not prove overt acts in furtherance of the conspiracy (id. at 9).

The Government intends to provide defense counsel with reasonable notice of Rule 404(b) evidence pursuant to this Court's practice (id.). The Government also intends to furnish impeachment materials consistent with this Court's practice and not sooner (id. at 10). As for Brady material, the Government believes that it has complied with its obligations to provide exculpatory material (id.). As for Burning's motion for leave to file additional motions, the Government notes Judge Skrenty's practice of encouraging pretrial motions on evidentiary issues and that an open-ended request for leave to make motions is unnecessary (id. at 12).

*Scheduling*

The original Scheduling Order for this motion had the Government's response due on September 25, 2006 (Docket No. 23), extended with the response due on October 13, 2006, and argument scheduled for October 24, 2006 (Docket No. 26). Burning was allowed to file a reply by November 8, 2006, and oral argument then was rescheduled for November 9, 2006 (Docket Nos. 28, 29, 30). At oral argument on November 9, 2006, Burning indicated that a Huntley hearing was necessary and that hearing was scheduled for December 12, 2006 (Docket No. 30), then rescheduled for January 19, 2007 (Docket No. 32), and finally on March 22, 2007 (Docket

3

No. 41)[2]. The Court conducted an evidentiary Huntley hearing on March 22, 2007, regarding the voluntariness of Burning's statements at the border control, and deemed the motion submitted as of that date (see Text Minute Entry, Mar. 22, 2007; Docket No. 30).

DISCUSSION

I.   Discovery Under Rule 16

Burning first seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

After contending that it has complied with its Rule 16 obligations, the Government announced in its response that it intended to use Burning's statements at the Canadian-United States border in its case-in-chief and produced disclosure of a search warrant for cell telephones and the fruits of the searches that also may be evidence in the Government's case-in-chief (Docket No. 27, Gov't Response at 3-4).

II.   Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant

---

[2]The Court also held status conferences, considering the status of co-defendant Mt. Pleasant, Docket Nos. 31, 32, 33, 34, 38, 39.

from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres, 901 F.2d 205 (2d Cir. 1990).  The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases.  United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment, the Court finds that Burning is not entitled to a Bill of Particulars inasmuch as she is sufficiently advised of the charges against her and received sufficient voluntary discovery to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect Burning from double jeopardy.

III.     Rule 404, 608 and 609 Evidence

Burning next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b).  Burning also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should she testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government has represented that it will provide all such material to the defendant at the time of the pretrial conference in this case (Docket No. 27, Gov't Response at 9).  This is sufficient in this case.

IV.  Brady Materials

Burning has requested that the Government disclose all materials potentially favorable to her, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."  United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Burning's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain.  The Government's written response is, in its entirety, as follows: "The United States believes that is has complied with its obligation to provide exculpatory information.  Specifically, we are aware of no evidence that defendant Burning was operating under duress, as a result of coercion, or under imperfect duress or coercion," (Docket No. 27, Gov't Response at 11).

It is unclear as to whether the Government's response included considerations regarding "impeachment" Brady material as well as exculpatory Brady material.

Neither the Supreme Court nor the Second Circuit[3] has ruled directly on whether a there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed.  Several other courts have

---

[3]In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the Government's obligations to disclose under Brady and the Government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979) (the court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); United States v. Perez, 870 F.2d 1222 (7th Cir. 1989) (the Government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979) (a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence); but see United States v. Wilson, 565 F. Supp. 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); United States v. Biaggi, 675 F. Supp. 790 (S.D.N.Y. 1987) (information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); United States v. Feldman, 731 F. Supp. 1189 (S.D.N.Y. 1990) (it is sufficient for the Government to disclose Brady impeachment materials along with [Jencks Act] materials).

    The Jencks Act relates only to "statements" made by Government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. Campagnuolo, supra, 592 F.2d at 860; but see United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) (the Government may not be compelled to pretrial disclosure of Brady or Jencks material).

The record in this case does not reflect whether any of the materials withheld by the Government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act. During one conference in this matter, the Government announced its intention to provide Jencks Act material to Burning (<u>see</u> Docket No. 32, minute entry of Dec. 12, 2006).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

V.      Search Agents' Personnel Files

The Government contends that it followed standard practice of requesting a search of the personnel files of law enforcement witnesses for impeachment material and the Government

intends to produce such material for in camera inspection by the District Judge, thus no order to produce is necessary (Docket No. 27, Gov't Response at 11). This method is sufficient.

VI.  Preservation of Evidence

Burning next has requested preservation of rough notes and other evidence taken by law enforcement agents involved. The Government has agreed to preserve all items of evidence, save a portion of the marijuana seized that would be destroyed. The Government offered to allow defense counsel or other representatives an opportunity to examine it. (Docket No. 27, Gov't Response at 11-12.)

VII.  Huntley Hearing

On March 22, 2007, this Court conducted a Huntley hearing, see People v. Huntley, 15 N.Y.2d 72, 225 N.Y.S.2d 838 (1965), to test the voluntariness of Burning's statements to Department of Homeland Security Bureau of Immigration and Customs Enforcement agents. One agent, Anthony Tatora, testified; Burning did not call any witnesses. Tatora questioned Burning and witnessed her signature on the Miranda warning card. From Tatora's testimony, Burning appeared to voluntarily sign the warning card and was agitated because she felt she should have not been detained because she is a Native American. After signing the waiver she continued to question the authority to detain her (as a Native American) and later requested the presence of counsel, at which point the questioning ceased.

There is no indication in this record that Burning's waiver of her Miranda rights here was anything other than voluntary and knowing.

VIII.   Speedy Trial

The Speedy Trial Act requires a defendant under Indictment to be tried within seventy days of the latter of the filing of the Indictment or defendants arraignment thereunder, 18 U.S.C. § 3161(c)(1), or from August 28, 2006 (Text Minute Entry, Aug. 28, 2006), as for the last appearing defendant, Burning.

Time under the Speedy Trial Act, 18 U.S.C. § 3161, to commence a trial was excluded under the statutory exemption for pending motions, id. § 3161(h)(1)(F).  Time was excluded on this provision from August 10, 2006, to allow the filing, briefing, and argument of motions (including Burning's) (see Docket No. 17; see also Docket Nos. 20, 24, 29, 35, 37, 40 (Orders to Continue, expressly excluding time to March 12, 2007), 41 (minute entry for Mar. 12, 2007, excluding time due to pending motion).  This motion was taken under advisement on March 22, 2007 (Text Minute Entry, Mar. 22, 2007).  Time then was excluded for the exemption for thirty days to allow Court consideration of the motion, id. § 3161(h)(1)(J), ending on Monday, April 23, 2007, cf. Fed. R. Crim. P. 45(a)(3) (last day a Sunday, period runs to next day that is not a Sunday or legal holiday).  Court calendar congestion, however, does not warrant a continuance under the Speedy Trial Act, id. § 3161(h)(8)(C).

Thus, seven days after April 23, 2007, when this Order was rendered, has run from the seventy-day Speedy Trial Act clock.

CONCLUSION

For the reasons stated above, defendant Linda Burning's motion for discovery and for service of a bill of particulars is **granted in part, denied in part as indicated above**.  The Court finds that Burning's execution of the Miranda warning card was knowing and voluntary.

So Ordered.

                                                          */s/ Hugh B. Scott*
                                                   Honorable Hugh B. Scott
                                                   United States Magistrate Judge

Dated: Buffalo, New York
       April 30, 2007