UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      v.

RODNEY MT. PLEASANT,
LINDA BURNING,

                      Defendants.

**Hon. Hugh B. Scott**

06CR250S

**Report
&
Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 36). The instant matter before the Court is defendant Linda Burning's ("Burning") apparent motion to suppress her statements following the Huntley hearing (see Docket No. 42). Separately, Burning moved for discovery and service of a bill of particulars (Docket No. 22), which this Court addressed (Docket No. 42).

## BACKGROUND

As previously discussed, defendants were indicted on August 9, 2006, for importing 50 kilograms or more of marijuana from Canada, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(3), and 18 U.S.C. § 2; conspiracy to import the same, in violation of 21 U.S.C. § 963; and importing merchandise (the marijuana) contrary to 19 U.S.C. § 1461, in violation of 18 U.S.C. §§ 545 and 2 (Docket No. 16, Indictment), from defendants allegedly importing 130 pounds of marijuana from Canada into the United States over the Lewiston-Queenston Bridge on

December 10, 2005 (see Docket No. 27, Gov't Response at 1; Docket No. 16, Indictment).

In response to Burning's motion to compel, the Government invoked the border search exception to issuance of Miranda warnings and argued that Burning was given Miranda warnings (and waived them) (Docket No. 27, Gov't Response at 4-5, 6-7; see Docket No. 42, Order at 2). During the argument of Burning's motion, on November 9, 2006, Burning indicated that a hearing was necessary due to a possible Huntley issue and that hearing was scheduled for December 12, 2006 (Docket No. 30), then rescheduled for January 19, 2007 (Docket No. 32), and finally held on March 22, 2007 (Docket No. 41; see Text Minute Entry, Mar. 22, 2007; Docket No. 30; Docket No. 42, Order at 3-4). Defendant did not file papers in support of a motion arising from this Huntley hearing.

## DISCUSSION

*Huntley Hearing*

On March 22, 2007, this Court conducted a Huntley hearing, see People v. Huntley, 15 N.Y.2d 72, 225 N.Y.S.2d 838 (1965), to test the voluntariness of Burning's statements to Department of Homeland Security Bureau of Immigration and Customs Enforcement ("BICE") agents. The Government called one agent, Anthony Tatora, to testify; Burning did not call any witnesses. Tatora and fellow BICE agent Glor uncuffed Burning from her chair and Glor asked background information. Burning was shown her Native American identification card (Gov't Ex. 2) and she confirmed that it was her's. Tatora questioned Burning and witnessed her signature on the Miranda warning card (Gov't Ex. 1). Agent Glor advised Burning of her rights from the Miranda card, explaining after she signed it that she need not talk with them. The agents met with Burning in a closed conference room, with their weapons visible but not drawn.

From Tatora's testimony, Burning appeared to voluntarily sign the <u>Miranda</u> warning card and was agitated because she felt she should have not been detained because she is a Native American. Tatora testified that Burning was of average intelligence with a strong personality. He said that Burning stated that she understood her rights. Burning's only question to the BICE agents was to review the <u>Miranda</u> warning card. After signing the waiver she continued to question the authority to detain her (as a Native American) and later requested the presence of counsel. At that point, the questioning ceased.

There is no indication in this record that Burning's waiver of her <u>Miranda</u> rights here was anything other than voluntary and knowing. Absent moving papers from Burning, it is unclear what statements she sought suppressed. Nevertheless, the testimony indicates that Burning was advised of her rights prior to questioning by Tatora and Glor, and she signed the waiver card of those rights, and was briefly questioned until she invoked those rights.

## **CONCLUSION**

Based upon the above, it is recommended that defendant Linda Burning's oral motion of November 9, 2006, to suppress her statements following the <u>Huntley</u> hearing be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil**

**Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 1, 2007